IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ARCHULETA,

    Plaintiff,

v.

BERNALILLO, COUNTY OF,

    Defendant.

No. 99-CV-0798 BRB/WWD

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BALDOCK, Circuit Judge.[*]

    Plaintiff Benjamin Archuleta, a former employee of the County of Bernalillo's Department of Parks and Recreation, filed this action alleging his former employer discriminated against him based on his age and disability in violation of the ADEA and the ADA. Because discovery is now complete, the Court is prepared to address Defendant's motion for summary judgment. See Fed. R. Civ. P. 56. Summary judgment is proper if the record reveals no genuine issues of material fact for the fact-finder to resolve. Mitchael v. Intracorp, Inc., 179 F.3d 847, 856 (10th Cir. 1999). For the reasons stated herein, the Court grants Defendant's motion for summary judgment.

---

[*] The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

Background

We view the evidence and draw reasonable inferences therefrom in the light most favorable to Plaintiff, the non-moving party. Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999). The record reveals that Plaintiff is a 43-year-old Hispanic male who suffers from diabetes, pancreatitis, hyperlipidemia, Barrett's esophagus, and hypertriglyceridemia. Aff. of Benjamin Archuleta at 1. As a result of these disorders, Plaintiff reports symptoms including shaking, fast heartbeat, sweating, anxiousness, dizziness, hunger, weakness, fatigue, headache, blurred vision, and irritability. Id. at 2, 4. He also reports having difficulty controlling his emotions and maintaining a calm demeanor. Id. at 5. The frequent need to urinate interrupts his sleep. Id. at 2.

Until his termination, Plaintiff worked as a groundskeeper in the Bernalillo County Department of Parks and Recreation. Dep. of Benjamin Archuleta at 12. Plaintiff was involved in an incident at work on July 21, 1998 at the Bernalillo County Yard at 2400 Broadway, SE, in Albuquerque, New Mexico. Aff. of Art De La Cruz, ex. 5, at 1. Plaintiff's work leader, Chief Steward Tom Cruz, was about to drive Plaintiff and his co-worker Patrick Rivera downtown. Aff. of Benjamin Archuleta at 7. Because Cruz was unable to find another vehicle, the three men crowded into the front seat of one pickup truck. Id. at 8. Rivera was in a hostile mood and accused Plaintiff of carelessly moving Rivera's belongings, including a cellular phone, off the seat. Id.

While seated in the middle of the truck, Plaintiff took a one-and-one-half inch folding knife out of his pocket to clean his fingernails. Dep. of Benjamin Archuleta at 106-07. As the truck hit a speed bump, Rivera shifted towards Plaintiff. Id. Plaintiff put his hands up defensively and cut Rivera on the hand, causing him to bleed. Id. at 107. Cruz did not see Plaintiff hold a knife to Rivera's throat, as Rivera alleged. Arb. Hr'g Test. of Tom Cruz at 143. Rivera exclaimed that he was cut, and Cruz stopped the truck. Dep. of Benjamin Archuleta at 111. Plaintiff, Cruz, and Rivera exited the truck. Id. at 112. Once outside, Rivera hit Plaintiff in the chest. Id. Another employee, James Baca, heard Plaintiff yelling that Rivera hit him. Arb. Hr'g Test. of James Baca at 161. Then Rivera retrieved a rake from the back of the truck with which to attack Plaintiff. Aff. of Benjamin Archuleta at 10. At that point, Cruz broke up the fight. Arb. Hr'g Test. of Tom Cruz at 139.

After the fight, Plaintiff refused to answer questions or leave the County Yard at the request of Bernalillo County Sheriff's Deputy Paul Jacobs. Aff. of Paul Jacobs at 2. Deputy Jacobs charged Plaintiff with criminal trespass and refusal to obey an officer. Id. Plaintiff claims he remained at the County Yard because he was experiencing nausea and irritable bowels and felt too dizzy to drive away. Aff. of Benjamin Archuleta at 6.

On the same day, Director De La Cruz filed a Notice of Contemplation of Disciplinary Action and placed Plaintiff on administrative leave. Aff. of Art De La Cruz, ex. 5. Plaintiff responded on July 27 in a handwritten letter describing his diabetes and pancreatitis. Id. at ex. 6. Pursuant to the collective bargaining agreement, Plaintiff

received a hearing before an arbitrator. Id. at ex. 7, at 1. On August 28, De La Cruz terminated Plaintiff's employment for the stated reasons that Plaintiff was involved in an altercation with another employee and was uncooperative in the investigation.[1] Id. at 4. Plaintiff subsequently filed this action. To support his claims of age and disability discrimination, Plaintiff asserts that Rivera, a younger man who has no known disabilities, was never disciplined for his role in the incident. Aff. of Benjamin Archuleta at 10.

Plaintiff's expert witness is Dr. Marta Terlecki, an endocrinologist. Dr. Terlecki expressed her opinion that human emotions are linked to endocrine levels in the body. Dep. of Marta Terlecki, M.D., at 42. She also notes that diabetes has an affect on a patient's overall sense of well-being. Id. at 43. In particular, diabetes can interfere with sleep because it may cause frequent urination. Id. at 47. Hyperglycemia, i.e., high blood sugar, resulting from the diabetes can cause headache, anxiety, sweating, dizziness, hunger, blurred vision, weakness, fatigue, and irritability. Id. at 45-46. Pancreatitis, or swelling of the pancreas, can cause chronic pain. Id. at 47-48. Hypertriglyceridemia, i.e., high triglyceride levels in the blood, can cause vomiting and diarrhea. Id. at 53-54.

---

[1] Also, in May 1998, Plaintiff allegedly left work without permission and gave a false report about his absence. Aff. of Art De La Cruz at 2-3, exs. 1-4. For that incident, De La Cruz proposed suspending Plaintiff for ten days, but reduced the suspension to two days, noting that he would punish future infractions more severely, with possible penalties including dismissal. Id. In a letter to his supervisors during the investigation of the May incident, Plaintiff wrote, "I have over the course of time observed instances which were much more serious in nature that were never addressed through disciplinary action." Id. at ex. 2, at 3.

Dr. Terlecki believes that Plaintiff may have been having difficulty adjusting to his recent diagnosis of diabetes, id. at 49, and this difficulty may have affected his relationship with his co-workers at the Department of Parks and Recreation, id. at 51. She admitted, however, that neither pancreatitis nor diabetes would cause Plaintiff to become volatile or violent. Id. at 17.

Plaintiff alleges that two of his supervisors were aware of his diabetes: Joanne Caffrey, the Land Management Supervisor, and Art De La Cruz, the Director of the Parks and Recreation Department. Aff. of Benjamin Archuleta at 4. Plaintiff's age is recorded in his personnel file; he asserts that his supervisors were aware of his age as well. Id. at 10. Plaintiff admits that before the incident on July 21, 1998, he did not ask Defendant to make reasonable accommodations for his disability. Resp. to Def's Second Req. for Admiss. to Pl. at 1.

## Applicable Law

Plaintiff claims he suffered discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. To establish a prima facie case of ADEA discrimination, Plaintiff must show: (1) he is a member of the class protected by the statute, (2) he suffered an adverse employment action, (3) he was qualified for the position at issue, and (4) the job was not eliminated after his discharge. O'Connor v. Consolidated Coin Caterers Group, 517 U.S. 308, 312 (1996); Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1315 (10th Cir. 1999). To prevail on his ADA

discrimination claim, Plaintiff must initially establish that:  (1) he is a disabled person as defined by the ADA, (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired, and (3) the employer discriminated against him because of his disability.  Taylor v. Pepsi-Cola Co., 196 F.3d 1106, 1109 (10th Cir. 1999).

The burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973) applies to both ADEA and ADA claims.  Bullington, 186 F.3d at 1315-16 (ADEA); Taylor, 196 F.3d at 1109 (ADA).  Plaintiff bears the initial burden of establishing a prima facie case of discrimination.  Taylor, 196 F.3d at 1309.  If Plaintiff does so, then Defendant must offer a legitimate, non-discriminatory reason for its adverse employment action.  Id.  Plaintiff then bears the ultimate burden of demonstrating that Defendant's proffered reason is pretextual.  Id.

A prima facie case of discrimination, combined with sufficient evidence for a trier of fact to disbelieve the defendant's legitimate, nondiscriminatory reason for its decision, is sufficient as a matter of law to show intentional discrimination.  Reeves v. Sanderson Plumbing Prods., Inc., No. 99-536, ___U.S. ___, 2000 WL 743663, at *8 (June 12, 2000) (ADEA).  "A plaintiff may demonstrate pretext by showing 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence.'"  Pastran v. K-Mart Corp., 210 F.3d 1201, 1206 (10th Cir. 2000) (quoting Bullington, 186 F.3d at 1317).  "The pertinent question in

determining pretext is not whether the employer was right to think the employee engaged in misconduct, but whether that belief was genuine or pretextual." Hardy v. S.F. Phosphates L.C., 185 F.3d 1076, 1080 (10th Cir. 1999).

### Discussion

Plaintiff's complaint alleges that he suffered disparate treatment due to his age and disability in two respects: first, because Defendant refused to investigate Rivera's behavior, and second, because Plaintiff received disproportionate discipline for his role in the incident. Defendant argues that even if Plaintiff has presented a prima facie case of age and disability discrimination, Defendant had a legitimate, non-discriminatory reason for terminating Plaintiff's employment. In response, Plaintiff attempts to present evidence of pretext. Assuming Plaintiff has presented a prima facie case, the evidence fails to raise an issue of material fact regarding pretext. See, e.g., Jones v. Denver Post Corp., 203 F.3d 748, 753 (10th Cir. 2000) (assuming the plaintiff had set forth a prima facie case and proceeding to the issue of pretext). Therefore, the Court grants Defendant's motion for summary judgment.

Defendant's proffered reasons for terminating Plaintiff are that (1) Plaintiff was involved in an altercation with a fellow employee who was injured with a knife, (2) Plaintiff was uncooperative in the investigation of that incident, and (3) shortly before the incident, Plaintiff received a two-day disciplinary suspension for another incident. Plaintiff's evidence of pretext is rather limited. He does not contest the fact that he was involved in an altercation with Rivera, but merely argues that Rivera's injury by

Plaintiff's knife was accidental.  He tries to excuse his failure to cooperate with the investigation or leave the County Yard after the incident by claiming he was experiencing symptoms of diabetes and pancreatitis.  Plaintiff admits, however, that prior to the incident he did not ask his employer to accommodate his disability.  Also, Plaintiff asserts that the earlier disciplinary suspension, see supra note 1, was part of a pattern of overly harsh discipline.  Finally, Plaintiff enumerates Rivera's alleged misdeeds, including hitting Plaintiff in the chest, threatening to hit him with a rake, and accusing Plaintiff of keeping a list of people he wants to attack.  The non-movant's conclusory allegations, however, do not suffice to create a triable issue of fact.  United States v. Simons, 129 F.3d 1386, 1388 (10th Cir. 1997).  To show discrimination, Plaintiff must do more than criticize the employer's conclusion that Plaintiff engaged in misconduct.  See Hardy, 185 F.3d at 1080.

Plaintiff has failed to present evidence raising an issue of material fact that Defendant's proffered reason was pretextual.  The Court GRANTS Defendant's motion for summary judgment.  The settlement conference in this matter set for June 26, 2000, the final pretrial conference set for July 6, 2000, and the jury trial set for July 24, 2000, are hereby canceled, and their settings vacated.  Judgment shall enter accordingly.

SO ORDERED.

        Entered for the Court
        this 15th day of June, 2000

        Bobby R. Baldock
        United States Circuit Judge
        Sitting By Designation